## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| TERRANCE SHAWN JEFFERIES | : | NO. 12-512-13 |

### MEMORANDUM

**Savage, J.**                                                                 **August 21, 2023**

Terrence Shawn Jefferies moves for a reduction of his sentence under the First Step Act of 2018 amendments that reduced mandatory minimum sentences for drug trafficking offenses.[1] Opposing his motion, the government contends that the First Step Act does not apply retroactively.[2] Because the First Step Act does not apply, we shall deny the motion.

On February 27, 2013, Jefferies pleaded guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846 and possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. On July 16, 2013, Jefferies was sentenced to a mandatory minimum of 20 years imprisonment based on a prior Pennsylvania felony drug conviction.[3] His guidelines were 262 to 327 months. Prior to sentencing, the government filed an Information Charging Prior Offenses, listing only one of his two prior felony convictions. The effect of the information filed pursuant to his plea agreement avoided the potential mandatory minimum for a second prior conviction from life imprisonment to 20 years.

---

[1] Mot. for Reduction of Sentence, ECF No. 446.

[2] Gov't.'s Resp. to Def.'s Mot. For Reduction in Sentence at 1, ECF No. 447.

[3] *Id.*

When Jefferies was sentenced, the mandatory minimum sentence for a defendant with one prior felony drug conviction was 20 years. For a defendant with two or more prior felony drug convictions, it was life imprisonment.

Section 401 of the First Step Act of 2018 (FSA) reduced the mandatory minimum penalty under 21 U.S.C. § 841(b)(1)(A) and redefined the prior offenses triggering enhanced penalties. The FSA changed the mandatory minimum sentences for defendants with one prior drug conviction from 20 to 15 years, and for defendants with two or more prior drug convictions from life to 25 years. Pub. L. No. 115-391, § 401(a); *United States v. Aviles*, 938 F.3d 503, 508 (3d Cir. 2019). The FSA provided that only a "serious drug felony," not just any "felony drug conviction," triggered the mandatory minimum. Pub. L. No. 115-391, § 401(a). It defined a serious drug felony as a state or federal drug trafficking conviction for which the defendant served a term of imprisonment of more than one year and was released within 15 years of the instant offense. *Id.* (amending 21 U.S.C. § 802 and adding § 802(57)).

Jefferies did not serve prison time on his two prior convictions. Today, his prior offenses would not qualify as prior offenses. Thus, his minimum sentence would be ten years. 21 U.S.C. § 841(b)(1)(A).

The FSA amendments do not apply to Jefferies' sentence. They apply to sentences imposed after the statute's enactment. The statute provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, § 401(c). In *United States v. Aviles*, the Third Circuit Court of Appeals confirmed that the Section 401 new

mandatory minimum under the First Step Act does not apply to defendants sentenced before the First Step Act's enactment. 938 F.3d at 510.

Because Section 401 of the First Step Act does not apply to Jefferies' sentence, we must deny his motion to reduce his sentence.