# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TERRANCE SHAWN JEFFERIES** | : | **NO. 12-512-13** |

## MEMORANDUM

**Savage, J.**                                                              **August 21, 2023**

Defendant Terrence Shawn Jefferies, a prisoner serving a 20-year prison sentence, moves for release under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). In support of his motion, he asserts four grounds: (1) a gross disparity between his sentence and what he would be sentenced to today under the First Step Act; (2) a disparity between his sentence and the sentences of his co-defendants; (3) his conditions of confinement during the COVID-19 pandemic; and (4) his rehabilitation.[1]

The government opposes his request, arguing that Jefferies is not eligible for release under the First Step Act because it is not retroactive.[2] It also maintains that the COVID-19 pandemic and his rehabilitation do not constitute extraordinary or compelling reasons.[3]

After considering all the factors set forth in 18 U.S.C. § 3553(a) and the circumstances in this case, we conclude that Jefferies has not presented an extraordinary

---

[1] Mot. for Release Under 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 456 ["Compassionate Release Mot."].

[2] Gov't.'s Supp. Resp. to Def.'s Mot. For a Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) at 11, ECF No. 467 ["Supp. Resp."].

[3] Gov't.'s Resp. in Opp'n to Def.'s Mot. To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) at 8-9, ECF No. 465 ["Resp."].

and compelling reason warranting release. Therefore, even though he has been rehabilitated, we must reluctantly deny his motion.

On February 27, 2013, Jefferies pleaded guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846 and possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. On July 16, 2013, based on a prior drug conviction and the quantity of heroin, Jefferies was sentenced to a mandatory minimum of 240 months incarceration. His earliest release date is February 22, 2030.

*Change to Section 841(b)(1)(A) Enhancement Penalties*

Jefferies was sentenced to the 20-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A). The sentence was driven by a prior Pennsylvania felony drug conviction. If he were sentenced today, his mandatory minimum would be ten, not 20, years because his prior drug convictions would not trigger the enhancement that drove his sentence. He would be eligible for release this year.

On December 21, 2018, Section 401 of The First Step Act amended the Controlled Substance Act, 21 U.S.C. § 841(b)(1)(A). Pub. L. No. 115-391, § 401(a). Among other reforms, the amendments reduced the enhanced mandatory minimum penalties under 21 U.S.C. § 841(b)(1)(A) from 20 to 15 years for a defendant having one prior offense, and from life to 25 years for two or more prior offenses. *Id.* It redefined the prior offenses triggering enhanced penalties. *Id.* Now, only a "serious drug felony" triggers an enhanced penalty. *Id.* A "serious drug felony" is a drug-related offense for which the offender served a term of imprisonment of more than 12 months and was released within 15 years of the instant offense. 21 U.S.C. § 802(57). Before the FSA, a felony drug offense was one "punishable by imprisonment for more than one year." *Id.* § 802(44). Because Jefferies

served no prison time for his two previous drug offenses, they would not enhance his sentence under current sentencing law.

Jefferies relies upon district court cases that concluded that a condition, such as health, age or family circumstances, which itself does not rise to the level of extraordinary and compelling, may warrant a sentence reduction when considered in combination with the disparity between the sentence the defendant received and the sentence he would have received under the FSA.[4] These cases are no longer viable.

In *United States v. Andrews*, the Third Circuit Court of Appeals ruled that "[t]he nonretroactive changes to the § 924(c) mandatory minimums ... cannot be a basis for compassionate release." 12 F.4th 255, 261 (3d. Cir. 2021). Nor can the length of a lawfully imposed sentence. *Id.* at 260–61. Therefore, because we are bound by *Andrews*, we cannot grant compassionate release based upon the disparity between the sentence Jefferies received and what he would have received as a result of the FSA.

*Co-Defendant Sentencing Disparities*

Jefferies argues that his sentence is "out-of-line with his co-defendants, even those with more charges."[5] He argues that a reduction in his sentence is necessary to "avoid

---

[4] Compassionate Release Mot. at 16 (citing *United States v. Clausen*, No. 00-291, 2020 WL 4260795 (E.D. Pa. July 24, 2020); *United States v. Adeyemi*, No. 06-124, 470 F. Supp. 3d 489 (E.D. Pa. July 6, 2020); *United States v. Clark*, No. 3:12-CR-104, 2021 WL 201253 (D. Conn. Jan. 20, 2021); *United States v. Cantu*, 423 F. Supp. 3d 345, 354 (S.D. Tex. 2019); *United States v. Harris,* No. 2:15-cr-00083-RAJ, 2021 U.S. Dist. LEXIS 9855 (W.D. Wash. Jan. 19, 2021); *United States v. Davis*, No. 8:94CR42, 2020 U.S. Dist. LEXIS 152729 (D. Neb. Aug. 24, 2020); *United States v. Santamaria*, 516 F. Supp. 3d 832 (S.D. Iowa 2021); *United States v. Fernandez*, No. 12-cr-844-9 (AJN), 2020 U.S. Dist. LEXIS 190157 (S.D.N.Y. Oct. 14, 2020); *Mannebach v. United States*, No. 1:18-cv-01824-SEB-MJD, 2020 U.S. Dist. LEXIS 239151 (S.D. Ind. Dec. 21, 2020). *United States v. Millan,* No. 91-CR-685, 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020)*; United States v. Robles-Alvarez*, No. 16-1222, 847 F.3d 46 (1st Cir. 2017); *United States v. Redd*, 444 F. Supp. 3d 717 (E.D. Va. 2020); *United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121 (D. Utah Feb. 18, 2020), *aff'd*, 993 F.3d 821 (10th Cir. 2021)).

[5] *Id.* at 15.

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[6] His motion includes a chart showing that his nineteen co-defendants, except one, were sentenced to less time than he was.

The government filed an information pursuant to 21 U.S.C. § 851 based on his criminal history, which resulted in the mandatory 20-year sentence and the career offender guideline range.[7] Pursuant to his plea agreement, the prosecution refrained from filing an information under § 851 for another prior drug trafficking conviction to spare him from a mandatory life sentence.[8]

Although his sentence is greater than that of all but one of his co-defendants, it was proportional. It took into consideration his relative culpability, lack of cooperation, and prior criminal history. Jefferies was in the upper tier of the drug trafficking organization. Of his nineteen co-defendants, only Jefferies and two other co-defendants had a Criminal History of V. Because of his prior drug conviction, he was subjected to a mandatory minimum sentence of 20 years. His codefendants with substantial criminal histories were sentenced to mandatory minimum sentences of 15 years and 20 years. Other defendants, unlike Jefferies, cooperated with the government, earning sentence reductions under U.S.S.G. § 5K1.1.

In any event, these differences cannot support a reduction of sentence. He was sentenced to the mandatory minimum and no more. His sentence could not have been less.

---

[6] *Id.* (citing 18 U.S.C. § 3553(a)(6)).

[7] Resp. at 3.

[8] *Id.* 4.

*COVID-19*

Jefferies also cites the COVID-19 pandemic as a reason to reduce his sentence.[9] He is 35 years old with no chronic medical conditions. As of May 11, 2023, COVID-19 is no longer a public health emergency. *See End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, Centers for Disease Control and Prevention (May 5, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html.

Because he is not at an increased risk of severe illness from COVID-19 and there is no longer a public health emergency, COVID-19 does not present an extraordinary or compelling reason justifying compassionate release.

*Rehabilitation*

Finally, Jefferies argues that his rehabilitation is an extraordinary and compelling reason warranting his release.[10] An exemplary prison record is not a recognized reason for release. However, it is relevant to the danger to the community and the Section 3553(a) analysis that comes into play only if there is an extraordinary and compelling reason for release.

Jefferies points to his completing numerous Bureau of Prison courses, including Electrical OSHA, Career Options, 8 Attitudes of Change, HVAC and Business Communications.[11] He maintains that he is well-respected by other inmates and serves as a mentor to others.[12] He asserts that he poses no risk of danger to the public, which

---

[9] Compassionate Release Mot. at 17-21

[10] *Id.* at 21-22.

[11] *Id.* at 21.

[12] *Id.*

is supported by his Bureau of Prisons classification as Low Risk Nonviolent.[13]

We commend his rehabilitative efforts.  But, as we have noted, rehabilitation alone is not an extraordinary and compelling reason.  28 U.S.C. § 994(t).  Although we applaud Jefferies for his personal development and apparent rehabilitation, we cannot reduce his sentence.

## Conclusion

We conclude that Jefferies has not presented an extraordinary and compelling reason to grant a sentence reduction.  Therefore, we shall deny his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

---

[13] *Id.*