**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TERRANCE SHAWN JEFFERIES** | : | **NO. 12-512-13** |

**MEMORANDUM**

**Savage, J.** **April 24, 2025**

Defendant Terrance Shawn Jefferies moves for compassionate release under 18 U.S.C. § 3582(c)(2). He argues that U.S. Sentencing Guidelines Amendment 821, which changed criminal history calculations, renders his 20-year sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851 "null" and "void."[1] He claims that under the amended guidelines, his sentencing range would be 168 to 193 months. The government opposes relief, arguing Amendment 821 does not lower his criminal history score or impact his statutory mandatory minimum. Because the amendment does not apply, we shall deny his motion.

On February 27, 2013, Jefferies pleaded guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, and possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. The government filed an information charging him with two prior felony drug convictions under 21 U.S.C. § 851. As part of a plea agreement, the government amended the information to charge only one.

As calculated in the Pre-Sentence Investigation Report, Jefferies' total offense level was 34, and his criminal history score was 3. As a "career offender," he was

[1] Mot. for Modification or Reduction of Sentence: 18 U.S.C. 3582(c)(2) ¶ 13, Doc. No. 490 ["Mot. Reduction Sent."].

automatically placed in criminal history category VI. His guidelines range, based on a total offense level of 34 and criminal history category VI, was 262 to 327 months.[2] Because he had a prior drug conviction, Jefferies was subject to a statutory mandatory minimum of 20 years. He was sentenced to the statutory minimum of 240 months.

*Analysis*

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a court may reduce the sentence if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it determines that (1) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (2) the defendant is not a danger to society. 18 U.S.C. § 3582(c)(2); 18 U.S.C. § 3142(g).

The Sentencing Guidelines provide that a court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010) (noting courts considering § 3582(c)(2) motions must first "determine [a defendant's] eligibility for a sentence modification and the extent of the reduction authorized[,]" and then consider the § 3553(a) factors to determine whether a reduction is warranted). If none of the amendments in subsection (d) apply or if an amendment does not lower the guidelines range, a reduction "is not consistent with this policy

[2] At sentencing, we concluded Jefferies' criminal history was overstated and set his criminal history category to V, for a custodial guidelines range of 235 to 293 months. Sent'g Tr. 7:14-20, Doc. No. 445.

statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." *Id.* § 1B1.10(a)(2).

On November 1, 2023, Amendment 821 to the U.S. Sentencing Guidelines became effective. It is listed in subsection (d) of the § 3582(c)(2) Policy Statement. U.S.S.G. § 1B1.10(d). Part A of the amendment decreased the status points assigned to defendants with seven or more criminal history points from two to one, and eliminated status points for defendants with six or less criminal history points. U.S. SENT'G GUIDELINES MANUAL § 1B1.10 cmt. n. 7 (U.S. SENT'G COMM'N 2024); *see also* U.S.S.G. § 4A1.1. Part B created a new section which decreased the offense level of defendants with no criminal history points, unless there are aggravating factors. U.S.S.G. § 4C1.1. The Sentencing Commission voted to allow for retroactive application of both sub-parts, with an effective date of February 1, 2024.

Amendment 821 does not apply to Jefferies because he did not have any status points. Rather, although he had a criminal history score of 3, his criminal history category of VI resulted from his "career offender" status. Because the amendment does not apply, he is not eligible for relief under § 3582(c)(2). Nevertheless, Jefferies argues he should benefit from Amendment 821 because his prior felony drug offense no longer carries a 20-year mandatory minimum under current law.[3] As we explained in a prior memorandum, this change in statutory law does not apply to him.[4] The amendment has no affect on the statutory minimum imposed.

[3] Mot. Reduction Sent. ¶ 13, Doc. No. 490.

[4] Mem. Aug. 21, 2023 2-3, Doc. No. 482.

Because Amendment 821 does not lower Jefferies' guidelines range nor change his mandatory minimum, we must deny his motion to reduce his sentence.